STUART MASS, an Infant, by NAT MASS, His Father and Natural Guardian, et al., Respondents, *v.* CHARLES W. LEINKER, Defendant, and KENNETH L. RESNICK, an Infant, by SAMUEL RESNICK, His Father and Natural Guardian, et al., Appellants. (And Three Other Actions.)

Second Department, January 6, 1975.

Curtis, Hart & Zaklukiewicz (Edward J. Hart of counsel), for appellants.

Fuchsberg & Fuchsberg (Edwin N. Weidman and Calvin M. Tannenbaum of counsel), for Stuart Mass and another, respondents.

Marshall D. Sweetbaum for Charles W. Leinker, respondent.

Kelly, Luglio & Van Cook for Patricia Verdi and another, respondents.

Donald G. McCabe for Joanne Giannone and another, respondents.

Per Curiam. These consolidated actions arose out of a two-car collision that occurred at about 10:30 P.M on October 3, 1969 on Jericho Turnpike at its intersection with Woods Road in Westbury, Nassau County. In that area Jericho Turnpike has three westbound and three eastbound lanes, separated by a grass mall 13 to 15 feet in width. Approaching the intersection, there is a fourth or turning lane for both westbound and eastbound traffic, which lane cuts into and reduces the width of the median. The vehicle driven by defendant Leinker was turning left from the westbound turning lane to go south on Woods Road when it was struck by the vehicle driven by appellant Kenneth L. Resnick, which was heading east in the extreme right-hand or south lane of Jericho Turnpike.

Plaintiff Stuart Mass was a passenger in the vehicle operated by Kenneth L. Resnick and owned by the latter's father, Samuel Resnick. Plaintiffs Verdi and Giannone were passengers in the Leinker vehicle. After a trial on the issue of lia-

bility only, the jury returned special verdicts, finding defendants Resnick and defendant Leinker at fault for the happening of the accident in the actions by plaintiffs Mass, Verdi and Giannone, and special verdicts apportioning the fault of the Resnicks at 90% and the fault of Leinker at 10%. In the action by the Resnicks against defendant Leinker the jury returned a verdict in favor of Leinker. The Resnicks have appealed from the ensuing interlocutory judgment and defendant Leinker has not appealed.

The judgment should be affirmed insofar as it is against the Resnicks as plaintiffs in their action against defendant Leinker, with costs. It should also be affirmed insofar as it is in favor of plaintiffs Mass, Verdi and Giannone adjudging defendants Resnick and Leinker at fault, with one bill of costs against the Resnicks jointly to such of said plaintiffs who have appeared separately and filed separate briefs. However, it should be modified, on the law and the facts, by adding thereto a provision granting a new trial on the issue of the apportionment of liability between defendants Resnick and defendant Leinker, with costs as between them to abide the event, unless, within 20 days after entry of the order to be made hereon, defendants Resnick and defendant Leinker serve and file in the office of the Clerk of the trial court a written stipulation consenting to an allocation of liability of 50% for the Resnicks and 50% for Leinker and to the entry of an amended judgment accordingly, in which event the judgment, as so amended, should be affirmed as to this issue, with costs to defendants Resnick against defendant Leinker.

The finding of the jury that Leinker had only a small part (10%) in causing the accident is against the weight of the evidence. The record shows that just prior to the accident he received "confusing" directions from one of his passengers. He was told to turn right, when the passenger meant left, with the result that he failed to turn where directed. He continued on his way bearing to his right while looking for the next right turn, when he was told to turn left at the Woods Road intersection. He entered the intersection, looked right for any eastbound traffic on Jericho Turnpike and saw the headlights of approaching vehicles. He estimated they were 800 to 1,000 feet away. He proceeded across, at about seven to nine miles per hour, until he reached the center lane of eastbound traffic, when he looked up and saw the lights of a vehicle to his right about 40 to 60 feet away. He pressed down on his accelerator to get out of the way, but was unsuccessful.

For his part, Kenneth L. Resnick testified that he did not see the Leinker vehicle until it was about three feet away, that he had been traveling at about 40 miles per hour (in this 55 miles per hour zone) and that his view to his left was obstructed by a vehicle (of defendant McKillen) which was slightly ahead of him in the middle eastbound lane. There was no direct evidence that Resnick was speeding.

Leinker's testimony that the vehicles he saw in the eastbound lane were about 1,000 feet away when he started across strains credulity. More reasonable is the conclusion that Resnick was "relatively close" (to use the testimony of a police officer who was driving closely behind the Leinker vehicle) to the intersection when Leinker started across the eastbound lanes of Jericho Turnpike. That being so, the provisions of section 1141 of the Vehicle and Traffic Law assume special importance. That section provides: "The driver of a vehicle intending to turn to the left within an intersection * * * shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close as to constitute an immediate hazard."

By its finding, the jury concluded that Leinker was causally negligent. We agree, but under the circumstances described we cannot agree that the proportion of his concurrent responsibility for the accident was only 10%. At the same time, although we do not disturb the jury's finding of concurrent fault on the part of Resnick, we cannot uphold a finding that Resnick was 90% responsible.

Since we are reversing only as to the indemnification aspect of the case as between the Resnicks and Leinker and since the successful plaintiffs, Mass, Verdi and Giannone, are entitled to recover the total amount of the damage suffered by each of them from any joint tort-feasor (*Kelly* v. *Long Is. Light. Co.,* 31 N Y 2d 25, 30), the interlocutory judgment should be affirmed insofar as it is in favor of plaintiffs Mass, Verdi and Giannone. The retrial to determine the percentage of fault allocable to defendants Resnick and defendant Leinker, if the judgment not be modified pursuant to a stipulation as hereinabove provided, may be had with the trial of the causes of plaintiffs Mass, Verdi and Giannone on the issues of damages, or separately, as the defendants Resnick and Leinker jointly request.

Gulotta, P. J., Hopkins, Cohalan, Christ and Munder, JJ., concur.

Interlocutory judgment of the Supreme Court, Nassau County, entered February 26, 1974, (1) affirmed insofar as it is in favor of plaintiffs Mass, Verdi and Giannone against defendants Resnick and Leinker, with one bill of costs against the Resnicks, jointly to such of said plaintiffs who have appeared separately and filed separate briefs; (2) affirmed insofar as it is against the Resnicks as plaintiffs in their action against Leinker, with costs; and (3) modified, on the law and the facts, by adding thereto a provision (a) granting a new trial on the issue of apportionment of liability between defendants Resnick and defendant Leinker, with costs as between them to abide the event, unless, within 20 days after entry of the order to be entered hereon, defendants Resnick and defendant Leinker serve and file in the office of the Clerk of the trial court a written stipulation consenting to an allocation of liability of 50% for the Resnicks and 50% for Leinker and to the entry of an amended judgment accordingly, in which event the judgment, as so amended, is affirmed as to this issue, with costs to defendants Resnick against defendant Leinker, and (b) that said new trial may be had with the trial of the causes of plaintiffs Mass, Verdi and Giannone on the issues of damages, or separately, as the defendants Resnick and Leinker jointly request.